UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANE PEEK,

                           Plaintiff                        DECISION AND ORDER

-vs-

                                                        07-CV-6120 CJS

JUDITH CUMMINS, ROBIN FILNER and
SANDRA GRIESEMER,

                           Defendants

_____

       This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff alleged that Defendants violated his federal constitutional rights in connection with their involvement in his parole revocation proceedings. On December 2, 2008, the Court issued a Decision and Order [#39], granting Defendants' motions to dismiss, and dismissing the action. Now before the Court is Plaintiff's motion [#41] for relief from that Decision and Order, pursuant to the Federal Rules of Civil Procedure ("FRCP"), "Rule 60(b)." The legal principles applicable to such an application are clear:

> Rule 60(b) allows the Court to 'relieve a party ... from a final judgment, order, or proceeding.' Because the rule allows for extraordinary judicial relief, it may be invoked only on a showing of exceptional circumstances. *See Fowler v. New York Transit Auth.*, No. 96 Civ. 6796, 2001 WL 83228, at *18 (S.D.N.Y. Jan. 31, 2001). The Court's task when confronted with such a motion is to 'strike[ ] a balance between serving the ends of justice and preserving the finality of judgments.' *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Evidence supporting a motion to vacate must be 'highly convincing.' *See Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987); *Freedom, N.Y., Inc. v. United States*, 438 F.Supp.2d 457, 462 (S.D.N.Y. 2006).
>
> Rule 60(b), in subsections (1) through (5), designates five specific grounds for granting relief from judgment. The rule also includes a catchall provision, subsection (6), which allows relief for 'any other reason justifying relief from the operation of the judgment.' The catchall provision, Rule 60(b)(6), is 'properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship.' *DeWeerth v.*

1

*Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994). A motion pursuant to Rule 60(b)(6) must be made 'within a reasonable time.'

Finally, even where a movant can demonstrate that one of the enumerated grounds in Rule 60(b) applies, in order to prevail the movant must still demonstrate a strong case that the movant has a meritorious claim. *See United States v. Cirami*, 563 F.2d 26, 35 (2d Cir.1977); *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288, 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003).

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1-2 (S.D.N.Y. Nov. 22, 2006).

Here, Plaintiff does not rely on a particular sub-section of FRCP 60(b), nor has he shown exceptional circumstances. Instead, he merely argues that the Court committed various errors of law when it dismissed the complaint. However, the Court disagrees, for the reasons stated in the previous Decision and Order [#39].

## CONCLUSION

Plaintiff's motion [#41] is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
January 23, 2009

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge